UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TERRENCE M. EDWARDS,

                    Petitioner,

v.                                                    2:08CV432

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    Respondent.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

### A.  Background

On October 7, 2004, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of first degree murder and use of a firearm in the commission of a felony and sentenced to life plus three years.  Petitioner appealed to the Virginia Court of Appeals, but the appeal was refused by a single judge on June 22, 2005, and by a three judge panel on November 22, 2005.  Petitioner appealed to the Supreme Court of Virginia, but the appeal was refused on May 11, 2006.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of the City of Norfolk, but on September 25, 2007, the petition was dismissed.  On June 19, 2008, petitioner's appeal to the Supreme Court of Virginia was refused.

On September 10, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on October 10, 2008, respondent filed

a motion to dismiss and Rule 5 answer.   This matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.    Ineffective assistance of counsel for failure to subpoena or present the testimony of Dominque Kirk; and

2.    Ineffective assistance of counsel for failure to challenge the constitutionality of petitioner's sentence under such authority as Blakely v. Washington, 542 U.S. 296 (2004).

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

## A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

3

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

>     (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>     (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)   there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>     . . . .
>
>     (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**D.  Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  Id. at 687.  The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective.  First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation."  Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show

actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher, 126 F.3d at 572 (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

1.  Claim 1

Petitioner alleges that trial counsel refused to subpoena and examine Dominique Kirk and that but for counsel's action, the factfinder would have been able to determine that petitioner acted in self-defense or, in the alternative, they would have been able to reach a guilty verdict on a lesser degree of murder. Petitioner has failed to adequately show that trial counsel's conduct was ineffective under both prongs of Strickland.

Under the first prong, petitioner has not adequately asserted that trial counsel was deficient in his conduct. Although petitioner

6

asserted at trial that he had given trial counsel Kirk's name, counsel's failure to issue a subpoena for Kirk did not violate the conduct of an "objectively reasonable attorney . . . under the circumstances." <u>Savino v. Murray</u>, 82 F.3d 593, 599 (4th Cir. 1996).

During the preliminary hearing, Kirk admitted that she had been arrested for giving false information to the police as a result of her varying statements related to petitioner's case. (Feb. 26, 2004 Tr. at 19-20.) Since Kirk was a minor at the time, her mother testified and indicated that she did not want her daughter to testify. ( <u>Id.</u> at 22.) When Kirk testified again the same day, she immediately, by counsel, asserted her Fifth Amendment rights and refused to answer any questions pertaining to petitioner's case. (<u>Id.</u> at 43.) Considering the circumstances surrounding Kirk's potentially negative testimony, including her conflicting statements and associated arrest, her mother's desire for her not to testify and her own assertion of her Fifth Amendment rights, it was reasonable for defense counsel not to subpoena Kirk to testify at petitioner's trial. See <u>Bunch v. Thompson</u>, 949 F.2d 1354, 1363-64 (4th Cir. 1991).

Petitioner cites case law implying that counsel's failure to subpoena Kirk may be based upon an alleged failure to conduct adequate pretrial investigations. (Mem. in Support of Pet. at 5-7.) However, the record does not support the alleged failure, and petitioner has offered no evidence in support of the claim. In fact, Kirk was subpoenaed by defense counsel for the preliminary hearing, where he undoubtedly had some level of contact with her and her potential testimony. (Feb. 26, 2004 Tr. at 17-18; 43-44.) It was because of the interactions during the preliminary hearing that counsel failed to subpoena Kirk for trial. (May 6, 2004 Tr. at 7, 13.)

7

More importantly, shortly after stating that he had given Kirk's name to defense counsel, and despite counsel's failure to subpoena Kirk, petitioner indicated that he was entirely satisfied with defense counsel's services. (May 6, 2004 Tr. at 9.) Petitioner's trial counsel merely exercised the discretion vested in him, and his decision was expressly accepted by petitioner, therefore, counsel's decision is binding on petitioner. <u>See</u> <u>Henson v. Commonwealth</u>, 155 S.E.2d 346, 350 (Va. 1967)(citing <u>Henry v. State of Mississippi</u>, 379 U.S. 443, 451-52 (1965).

When looking at the fundamental fairness of the proceeding, petitioner has failed to show that trial counsel's errors were so serious that he was not functioning as the attorney guaranteed by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 687. Not only were trial counsel's actions objectively reasonable, but petitioner himself indicated at trial that he was satisfied with counsel's services. Therefore, petitioner has failed to meet the first prong of <u>Strickland</u>.

Additionally, petitioner has failed to meet the second prong of <u>Strickland</u>. The burden for establishing actual prejudice is high. <u>See</u> <u>Satcher</u>, 126 F.3d at 572 (discussing that a petitioner must show an actual and substantial disadvantage, not merely that the error created a possibility of prejudice). Petitioner has failed to articulate any actual prejudice that resulted from trial counsel's failure to subpoena Kirk. There has been no specific evidence offered that Kirk's testimony would have given the factfinder an opportunity to determine that petitioner acted in self-defense when he fired the weapon and killed the victim, or that the testimony would have enabled the factfinder to reach a guilty verdict on a lesser degree of murder.

Considering the circumstances surrounding trial counsel's failure to subpoena Kirk, petitioner has failed to meet the second prong of the Strickland.  The claim is without merit and should be DISMISSED.

### 2.  Claim 2

Petitioner alleges that his appellate counsel was ineffective for failing to challenge the constitutionality of his sentence under Blakely 542 U.S. 296.  To adequately assert a habeas corpus claim based on ineffectiveness of counsel, petitioner must meet the first prong of Strickland by showing that counsel's conduct was deficient and objectively unreasonable.  Strickland, 466 U.S. 668.; see also Savino, 82 F.3d at 599. Petitioner has again failed to adequately show that appellate counsel's conduct was ineffective and objectively unreasonable.  Savino, 82 F.3d at 599.

The Rules of the Supreme Court of Virginia, which are applicable to habeas proceedings, declare that "[e]rror will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." VA. S.CT. RULE 1.1, 5:25.  As in Jerman v. Director, 593 S.E.2d 255, 260 (Va. 2004), petitioner's appellate counsel could not have successfully challenged the constitutionality of petitioner's sentence under Blakely because the argument was procedurally defaulted when trial counsel failed to object to the sentence at the sentencing hearing.

Furthermore, even had trial counsel preserved the claim for appellate review, the claim would likely have failed on the merits. Respondent accurately notes that " Apprendi and Blakely dealt with sentences and sentencing schemes employing 'enhancement' or 'aggravating' factors that . . . authorize the sentencing judge to go beyond the

maximum sentence permissible under the statutes defining the subject crime and attendant punishment . . ." (Br. in Support of Mot. to Dismiss at 13 (citing <u>Blakely</u>, 542 U.S. 296; <u>Apprendi v. New Jersey</u>, 530 U.S. 466). Sentencing judges may "exercise discretion--taking into consideration various factors relating to both offense and offender--in imposing a judgement *within the range* prescribed by statute." <u>Apprendi</u>, 530 U.S. at 481 (emphasis in original). In the Commonwealth of Virginia, first degree murder is punishable as a Class 2 felony (VA. CODE ANN. § 18.2-32 (2004)), and punishment for Class 2 felonies dictates "imprisonment for life or for any term not less than twenty years." VA. CODE ANN. § 18.2-10 (2004). Therefore, petitioner's sentence was within the statutory scheme of the Commonwealth. Consequently, petitioner's alleged argument based on <u>Apprendi</u> and <u>Blakely</u> would have been unfounded. Appellate counsel's actions were objectively reasonable, since the issue was not preserved at trial, and petitioner's sentence was within the Commonwealth's statutory guidelines. Petitioner has failed to meet the first prong of <u>Strickland</u>.

Additionally, petitioner has failed to meet the second prong of <u>Strickland</u>. Since the argument that <u>Apprendi</u> and <u>Blakely</u> do not permit petitioner's sentence to stand was unfounded, appellate counsel's failure to assert the claim on appellate review in no way prejudiced petitioner. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional

right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr</u>

v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d

91 (4th Cir. 1984)


                                        _____/s/_____
                                        James E. Bradberry
                                        United States Magistrate Judge

Norfolk, Virginia

March 24, 2009

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Robert A. Ratliff, Esq.
713 Dauphin Street
Mobile, AL  36602

Jennifer T. Stanton, Esq.
500 East Plume St., Ste. 405
Norfolk, VA  23510

Robert H. Anderson, III, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____
                  Deputy Clerk

_____, 2009

13